the covenant of warranty and held to be barred by the statute of limitations. *Holden* v. *Fletcher,* 6 Cush. 235. A covenant of warranty in a deed of conveyance of land, whilst it is a covenant real, and runs with the land, and binds the grantor and his heirs by its force as a covenant real, is also a personal covenant; and if a breach occurs in the lifetime of the warrantor, an action will lie against him to recover damages; or if a breach occurs before the final settlement of the estate, an action will lie against his personal representatives. When the covenant is thus treated as a personal contract, and sought to be enforced as such by personal action, it must be treated in all respects as a personal obligation; the usual incidents to the conduct of a personal action will be applied. But this will not affect the covenant real in its broader application. The result is that no estate passed by the deed of Benjamin Fletcher to the petitioner, and that this petition cannot be maintained.

*Petition dismissed.*

*B. F. Butler & B. Russell,* for the petitioner, cited *Somes* v. *Skinner,* 3 Pick. 52; *Doe* v. *Oliver,* 10 B. & C. 186; *White* v. *Patten,* 24 Pick. 324; *Allen* v. *Sayward,* 5 Greenl. 227.

*J. G. Abbott & S. A. Brown,* for the respondents, cited *Morse* v. *Aldrich,* 19 Pick. 449; *Stebbins* v. *Smith,* 4 Pick. 97; *Jones* v. *Richardson,* 5 Met. 247; *Bates* v. *Norcross,* 17 Pick. 14; *Colwel'* v. *Alger,* 5 Gray, 67; Co. Lit. 365 *b.*

---

## DUSTIN MARBLE *vs.* JOHN S. KEYES.

Evidence of an attachment of goods on mesne process against one possessing but not owning them, and of a return of such attachment upon the writ, is sufficient, in the absence of controlling evidence, to support an action against the officer for the conversion of the goods.

ACTION OF TORT, commenced on the 10th of January 1854, against the sheriff of Middlesex for the conversion by his deputy of a stock of goods. The defendant justified under an attachment and holding of the goods on a writ against Bailey Marble.

At the trial in the court of common pleas, the plaintiff produced evidence tending to show that Bailey Marble had been the owner of the goods, which were in a shop occupied and kept by him; that the plaintiff received a bill of sale of them, dated on the 5th and delivered on the 6th of January 1854, and also took a formal possession of the goods and thereupon left them in possession of Bailey as his clerk to sell them; agreed with the owner of the shop to pay him rent for the use of it, and employed him to assist Bailey in the shop; and that sales had been made by him and Bailey of some few articles before the attachment; but there was no other apparent change of ownership from Bailey to the plaintiff.

The plaintiff then proved that on the 9th of January the defendant's deputy attached the goods as the property of Bailey, and put a keeper into the shop to hold possession of them under the attachment, but allowed Bailey to remain there. The plaintiff also put into the case the writ against Bailey Marble, with the return of the deputy thereon that he had attached the goods on the 9th of January; and pursuant to an application by the plaintiff in that writ on the 24th of January (after the commencement of this suit) caused the property to be appraised, and sold on the 3d of February.

The defendant objected that this evidence was not sufficient to prove a taking, upon which to maintain this action. But *Perkins*, J. ruled " that this evidence was sufficient to go to the jury upon the question of taking, and nothing to the contrary thereof appearing in the case, would justify the jury in finding such a taking; and that a legal attachment of goods, maintained by putting a keeper over them, was sufficient evidence of a taking." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*B. F. Butler*, for the defendant. An officer's return of an attachment of personal property does not prove a taking which will subject him to an action of trespass or trover. *Merrill* v. *Sawyer*, 8 Pick. 397. *Boynton* v. *Willard*, 10 Pick. 166. The evidence showed that there was no removal of the property, but that it was left in the custody of the person with whom it was

found; but did not show that the keeper remained in the shop, or made more than a formal attachment. Bailey's possession of the goods may have justified or caused an attachment of the goods as his property, which was abandoned on being informed of the sale to the plaintiff.

*R. B. Caverly,* for the plaintiff.

BY THE COURT. The evidence offered was sufficient, in the absence of controlling proof, to entitle the plaintiff to a verdict.

*Exceptions overruled.*

---

DUSTIN MARBLE *vs.* JOHN S. KEYES.

The owner of different chattels taken by one trespass brought two separate actions for their conversion, the second of which was tried while the jury were consulting upon the first, and, although the first action had not been pleaded in abatement of it, resulted in a verdict for the defendant, under the instructions of the presiding judge, to which the defendant excepted. The jury in the first action returned a verdict for the plaintiff, upon which judgment was rendered and, on exceptions, affirmed by this court. *Held,* that the plaintiff's exceptions in the second action must be overruled.

ACTION OF TORT against the sheriff of Middlesex for the conversion of a wagon and harness, attached by one of his deputies upon a writ against Bailey Marble. Writ dated February 9th 1854.

At the trial in the court of common pleas before *Perkins,* J., the plaintiff claimed title under a bill of sale from Bayley Marble dated January 5th 1854; and put in evidence the writ against Bailey Marble, and the officer's return thereon, showing that he had attached the harness and wagon, and also a stock of goods, included in the bill of sale, and for the conversion of which the plaintiff had brought an earlier action, which was tried next before this, and upon which the jury were then consulting, *ante,* 219. He then rested his case.

The defendant contended that the plaintiff could not maintain more than one action for different articles of property taken by the same trespass, and converted at the same time; and the